Mr. Wayne M. Ball, Chairman Arkansas Auctioneers Licensing Board 221 West Second Street Suite 228 Little Rock, Arkansas 72201
Dear Mr. Ball:
This is in response to your request for an opinion on whether the definition of the word "auctioneer" is broad enough to cover real estate agents selling real estate at public auctions. Specifically, you note that Act 266 of 1989, Section 4, (A.C.A.17-15-103(1) defines an "auctioneer" as follows:
 "Auctioneer" means any person who, for a fee, commission, or any other valuable consideration, or with the intention or expectation of receiving the same, by the means of, or process of, an auction or sale at auction, offers, negotiates, or attempts to negotiate, a listing contract, sale, purchase, or exchange of goods, chattels, merchandise, or personal property, or of any other commodity which may lawfully be kept or offered for sale by or at public auction. [Emphasis added.]
You note that the board feels that a real estate agent needs to have an auctioneer's license if he is selling real estate at public auction. You also note that the board feels that it has the authority to investigate that auction for wrongdoing because "real estate" is a "commodity". You have then asked for an opinion on whether the word "commodity" means "real estate" and if the board thus has the authority to legally investigate real estate auctions.
It is my opinion that the answer to your question is "no".
The definition of the word "commodity" was discussed in State v. Frank, 114 Ark. 47 (1914). It was stated therein that "[t]he word is ordinarily used in the commercial sense of any movable or tangible thing that is ordinarily produced or used as the subject of barter or sale. . ." 114 Ark. at 56. (Emphasis added). Additionally, Black's Law Dictionary, (5th ed. 1985) defines "commodities" as follows:
 Those things which are useful or serviceable, particularly articles of merchandise movable in trade. Goods, wares, and merchandise of any kind; movables; articles of trade of commerce. Movable articles of value; things that are bought and sold. This word is a broader term than merchandise. and, in referring to commerce may include almost any article of movable or personal property.
Black's, supra at 248. (Emphasis added).
The definition above clearly designates "commodities" as movable articles of commerce. Real estate is not ordinarily movable. It is thus my opinion that a real estate agent who conducts an auction of real estate does not come under the definition of an "auctioneer" under Act 266 of 1989.
Additionally, it is my opinion that the principle of ejusdem generis is applicable to A.C.A. 17-15-103(1). When that statute defines an auctioneer as a person who "offers [or] negotiates . . . a . . . sale . . . of goods, chattels, merchandise, or personal property, or of any other commodity. . .", the general words "any other commodity" follow the specific words "goods, chattels, merchandise, or personal property". The rule of ejusdem generis is that when general words follow an enumeration of particular things, such words must be held to include only such things or objects as are of the same kind as those specifically enumerated. State v. Frank, supra at 51. Thus, the general words "any other commodity" must be restricted to include only such things as are of the same kind as good, chattels, merchandise, or personal property. It is my opinion that real estate is not of the same character as these specifically enumerated items.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elan L. Cunningham.
Sincerely,
RON FIELDS Attorney General
R:arb